# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

Lyle W. Cayce
Clerk

No. 12-40299
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENRIQUE VEGA-MILIAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-553-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Enrique Vega-Milian appeals his conviction of possession with intent to distribute marijuana. Vega-Milian, a truck driver, contends that his wife's proffered testimony that he told her he planned to return to a truck stop should have been admitted pursuant to Rule 803(3) of the Federal Rules of Evidence to bolster his testimony that he in fact returned to the truck stop to pick up a legitimate load of merchandise. He argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court deprived him of his right to present a defense by sustaining the government's hearsay objection.

Vega-Milian raised the hearsay argument in the district court. He did not raise the constitutional argument. We review the hearsay argument for abuse of discretion, *see United States v. Narviz-Guerra*, 148 F.3d 530, 536 (5th Cir. 1998), and the constitutional argument under the plain error standard, *see United States v. Ferguson*, 211 F.3d 878, 886 (5th Cir. 2000).

Any error in sustaining the government's hearsay objection was harmless. *See United States v. El-Mezain,* 664 F.3d 467, 526 (5th Cir. 2011), *cert. denied*, 133 S. Ct. 525 (2012). Vega-Milian was stopped with two tons of marijuana worth over $3.3 million in the trailer portion of his truck, which took a team of agents between three and four hours to unload. He had a bogus bill of lading, and he either tampered with his logbooks as he testified he did or testified falsely about doing so. As he was alone in the vehicle when he was stopped, the jury could have inferred that Vega-Milian possessed the marijuana in the trailer. *See United States v. Lopez*, 979 F.2d 1024, 1031 (5th Cir. 1992). The jury could also have inferred from the massive quantity and value of the marijuana that Vega-Milian intended to distribute the drug, *see id.,* and that it would be most unlikely for a drug-distribution ring to trust an unknown driver with such a large cargo, s*ee United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 362 (5th Cir. 2010). And the jury could have inferred Vega-Milian's guilty intent from the bogus bill of lading and the testimony about the logbooks.

In the face of this strong evidence of Vega-Milian's guilt, testimony from his wife that he told her he intended to return to the truck stop, to which, he testified, he actually returned, would not have affected the outcome of the trial. Any error in sustaining the government's objection, therefore, was harmless. *See El-Mezain*, 664 F.3d at 526. For the same reasons, Vega-Milian cannot demonstrate the prejudice necessary to prevail on his constitutional claim on plain error review. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Finally, Vega-Milian contends that the evidence was insufficient to support his conviction because the government was obliged to prove his knowledge of the type and quantity of the drug he carried.  He concedes that this issue is foreclosed by *United States v. Betancourt*, 586 F.3d 303 (5th Cir. 2009), but he raises it to preserve it for further review.  Vega-Milian is correct that his contention is foreclosed.  *See id.* at 308-09.

AFFIRMED.